UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-cr-00077-MMD-CSD |
| Plaintiff, | |
| v. | ORDER |
| HASEEB MALIK; ABDUL MAJID, | |
| Defendants. | |

Before the Court is Defendants' joint motion to conduct sentencing via Zoom. (ECF No. 144.)[1] The Court agrees with the government that the present circumstances provide no basis for the Court to make a sufficient finding to hold the sentencing via Zoom.

Defendants Haseeb Malik and Abdul Majid entered into guilty pleas on December 21, 2022. (ECF Nos. 135, 138.) The Court accepted Defendants' respective waivers of their right to appear at the change of plea in person.  (ECF Nos. 131, 132.) In doing so, the Court found that proceeding with an in-person hearing would present a threat to the safety and health of everyone involved because of the COVID-19 situation at the time, particularly considering what appeared to be a general rise in COVID-19 cases compounded by elevated rates of flu and other respiratory viruses, and the facts that Defendants were on pretrial release, and residing outside of the country requiring travel to this district for an in-person hearing. The Court more specifically proceeded with the virtual hearings under the Order Further Extending Amended Temporary General Order 2020-05 dated December 19, 2022 ("Order"). That Order was recently extended to June 11, 2023.[2]

---

[1]The government opposes (ECF No. 145) and Defendants replied (ECF No. 146).

[2]*See* Order Further Extending Amended Temporary General Order 2020-05 (D. Nev. Mar. 16, 2023),  https://www.nvd.uscourts.gov/wp-content/uploads/2023/03/GO-

1    As pertinent here, General Order 2020-05 authorizes the use of video conferencing

2  for certain criminal hearings provided the presiding judge makes specific findings,

3  including that the sentencing hearing cannot be further delayed without serious harm to

4  the interests of justice. As I found in holding the change of plea hearings by video

5  conference, COVID-19 continues to pose a threat to the health and safety of everyone

6  involved particularly because Defendants would be required to travel from where they

7  reside in Canada to Las Vegas. However, the circumstances relating to COVID-19 have

8  changed since that time. Indeed, while the Order authorizing virtual proceedings was

9  recently extended to June 11, 2023, the risks associated with COVID-19 in the District in

10  general and in Las Vegas in particular are no longer as high as they were at the time of

11  the change of plea hearings in December 2022. Moreover, Defendants do not cite any

12  travel restrictions, their own health conditions, or other limitations relating to COVID-19

13  that would present a threat to the safety and health of everyone involved with an in-person

14  sentencing hearing. And the Court is not aware of any pertinent travel restrictions. For

15  these reasons, the Court cannot find that having an in-person sentencing hearing will

16  present a threat to the health and safety of everyone involved sufficient to support holding

17  the sentencing hearing via video conferencing.

18  ///

19  ///

20  ///

21

22  2020-05-Amended-Temporary-Order-to-06-11-2023.pdf.   This   order   extends   the
videoconferencing authorization for the final time. *See id.* The Court chose an expiration

23  date of June 11, 2023, based on the President's notice of his intent to terminate the
COVID-19 national emergency effective May 11, 2023. However, the national emergency

24  may end earlier given Congress's passage of a joint resolution ending the national
emergency immediately upon its effective date. *See H.J.Res.7 - 118th Congress (2023-*

25  *2024): Relating to a national emergency declared by the President on March 13, 2020*,
H.J.Res.7, 118th Cong. (2023), https://www.congress.gov/bill/118th-congress/house-

26  joint-resolution/7 (indicating that the bill has been sent to the President but has not yet

27  become law as of April 10, 2023). If the President signs Resolution 7, the Court would, in
turn, terminate the Order earlier. That said, the Court does not consider when the Order

28  is expected to terminate in denying Defendants' joint motion.

1          It is therefore ordered that the joint motion to conduct sentencing via Zoom (ECF

2    No. 144) is denied.[3]

3          DATED THIS 10th Day of April 2023.

5               MIRANDA M. DU
               CHIEF UNITED STATES DISTRICT JUDGE

---

28    [3]The Court will consider a request to change the sentencing date to accommodate counsel's availability.